**ORIGINAL**

In the United States Court of Federal Claims
No. 14-951C

**FILED**

(Filed: October 9, 2014)

OCT - 9 2014

U.S. COURT OF
FEDERAL CLAIMS

_____
                                    )
BERNABE MORA                        )
                                    )
             Plaintiff,             )    Pro Se Complaint; Sua Sponte
                                    )    Dismissal for Want of
v.                                  )    Jurisdiction; Transfer;
                                    )    28 U.S.C. § 1631
THE UNITED STATES,                  )
                                    )
             Defendant.             )
                                    )
_____)

Bernabe Mora, Castroville, Cal., pro se.

ORDER

CAMPBELL-SMITH, Chief Judge

    Before the court is the complaint of pro se plaintiff Bernabe Mora filed on September 8, 2014. Compl., ECF No. 1. The complaint was captioned by plaintiff as follows: "Bernabe Mora Plaintiff or Appellant vs. Wachovia Mortgage, DBA Wells Fargo N.A. Coldwell Banker, Platinum, Susan Bravo and Does 1-50." Id. at 1 (some capitalization omitted). The official caption of the case (appearing above) was supplied by the Office of the Clerk of Court in conformance with Rule 10(a) of the Rules of the United States Court of Federal Claims (RCFC), which states that "[t]he title of the complaint must name all the parties . . . with the United States designated as the party defendant." RCFC 10(a). For the following reasons, the court **DISMISSES** plaintiff's complaint.

I.    Background

    Plaintiff contends that the above-named private parties unlawfully sold his real property (located at 11714 Merritt Way in Castroville, California) and failed to record certain required documents.[1] Compl. at 2. The complaint, however, does not actually

---

[1] On the second page of the complaint, plaintiff lists the address of the subject property as "11771 Merrittway" Castroville, California. Compl., ECF No. 1, at 2 (capitalization omitted). The court understands, however, that the address of the subject

state causes of action on these grounds. Instead, the complaint requests that this court "review de novo the 9th Circuit and United States District Court pursuant to 28 USC 1291 and to consider assigning the case to another circuit or other district court." Id. at 1–2 (capitalization omitted).

II.     Legal Standards

The Tucker Act establishes and limits the jurisdiction of the Court of Federal Claims. See 28 U.S.C. § 1491 (2012). The Tucker Act affords this court jurisdiction over "any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." Id. § 1491(a)(1). Although the Tucker Act waives the sovereign immunity necessary for a plaintiff to sue the United States for money damages, United States v. Mitchell, 463 U.S. 206, 212 (1983), it does not confer any substantive rights upon a plaintiff, United States v. Testan, 424 U.S. 392, 398 (1976). Therefore, a plaintiff must identify an independent source of substantive law that creates a right to money damages in order for the case to proceed. Fisher v. United States, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (en banc); see Jan's Helicopter Serv., Inc. v. Fed. Aviation Admin., 525 F.3d 1299, 1306 (Fed. Cir. 2008).

"Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)); see also Metabolite Labs., Inc. v. Lab. Corp. of Am. Holdings, 370 F.3d 1354, 1369 (Fed. Cir. 2004) ("Subject matter jurisdiction is an inquiry that this court must raise sua sponte, even where, as here, neither party has raised this issue."). "In deciding whether there is subject-matter jurisdiction, the allegations stated in the complaint are taken as true and jurisdiction is decided on the face of the pleadings." Folden, 379 F.3d at 1354 (internal quotations omitted).

Although complaints filed by pro se plaintiffs are generally held to "less stringent standards than formal pleadings drafted by lawyers," Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see Vaizburd v. United States, 384 F.3d 1278, 1285 n.8 (Fed. Cir. 2004) (noting that pleadings drafted by pro se parties "should . . . not be held to the same standard as [pleadings drafted by] parties represented by counsel"), pro se plaintiffs nevertheless must meet jurisdictional requirements, Bernard v. United States, 59 Fed. Cl. 497, 499, aff'd, 98 F. App'x 860 (Fed. Cir. 2004) (unpublished); see also Kelley v. Dep't of Labor, 812 F.2d 1378, 1380 (Fed. Cir. 1987) ("[A] court may not similarly take a liberal view of [a] jurisdictional requirement and set a different rule for pro se litigants only."). If the court determines that it does not have subject matter jurisdiction, it must dismiss the claim. RCFC 12(h)(3).

---

property is actually 11714 Merritt Way, Castroville, California. See, e.g., id. at 5–6, 10, 15, 17.

2

III.   Discussion

For the following reasons, plaintiff's complaint is dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction. The court also finds that transfer of plaintiff's case to another federal court is inappropriate.

A.   The Court Does Not Have Jurisdiction Over Plaintiff's Claims

"The jurisdiction of the [United States Court of Federal Claims] is limited to suits against the United States." McGrath v. United States, 85 Fed. Cl. 769, 772 (2009) (citing, inter alia, United States v. Sherwood, 312 U.S. 584, 588 (1941)); see 28 U.S.C. § 1491(a)(1). To the extent that plaintiff states claims against private individuals or entities, the court lacks jurisdiction over these claims. See 28 U.S.C. § 1491(a)(1); Cottrell v. United States, 42 Fed. Cl. 144, 148 (1998) ("The Court of Federal Claims does not have jurisdiction over suits against individuals; it only has jurisdiction over suits against the United States.").

Moreover, to the extent that plaintiff seeks review of the decisions of the various courts in which he has filed actions, including the Superior Court of the State of California, see, e.g., Mora v. Wachovia Mortg., No. GNM-94979 (Cal. Super. Ct. 2008), the United States Bankruptcy Court for the Northern District of California, see, e.g., Mora v. Coldwell Banker, No. 12-05168SLJO (Bankr. N.D. Cal. 2012), the United States District Court for the Northern District of California, see, e.g., Mora v. Wachovia Mortg., No. 5:11-cv-00109-LHK (N.D. Cal. 2011), and the United States Court of Appeals for the Ninth Circuit, see, e.g., Mora v. Wachovia Mortg., No. 11-16710 (9th Cir. 2011), this court does not have jurisdiction to review the decisions of state courts, federal bankruptcy courts, federal district courts, or federal circuit courts of appeals, see 28 U.S.C. § 1254 (2012) ("Cases in the courts of appeals may be reviewed by the Supreme Court . . . [b]y writ of certiorari . . . ."); 28 U.S.C. § 1291 (2012) ("The court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ."); Jones v. United States, 440 F. App'x 916, 918 (Fed. Cir. 2011) (stating that the Court of Federal Claims does not have jurisdiction to review state court decisions); Allustiarte v. United States, 256 F.3d 1349, 1350 (Fed. Cir. 2001) ("[T]he Court of Federal Claims does not have jurisdiction to review decisions of federal bankruptcy courts . . . ."); Joshua v. United States, 17 F.3d 378, 380 (Fed. Cir. 1994) ("[T]he Court of Federal Claims does not have jurisdiction to review the decisions of district courts . . . .").

Accordingly, plaintiff's complaint must be dismissed pursuant to RCFC 12(h)(3) for lack of subject matter jurisdiction.

B.   Transfer of the Case to Another Court Is Not Appropriate

The court now considers whether "it is in the interest of justice" to transfer plaintiff's complaint to another court of the United States under 28 U.S.C. § 1631 (2012). See Tex. Peanut Farmers v. United States, 409 F.3d 1370, 1374–75 (Fed. Cir. 2005) (stating that the Court of Federal Claims should consider whether transfer is appropriate once the court has determined that it lacks jurisdiction); cf. Compl. at 1–2 (requesting that the court "consider assigning the case to another circuit or other district court that will issue relief long over due [sic] to plaintiff" (capitalization omitted)).  Section 1631 states in pertinent part:

> Whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was filed or noticed . . . .

28 U.S.C. § 1631; see 28 U.S.C. § 610 (defining courts as "courts of appeals and district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, the District Court of the Virgin Islands, the United States Court of Federal Claims, and the Court of International Trade").

Plaintiff has already filed similar actions involving the subject property in the Northern District of California, see, Compl., Mora v. Wachovia Mortg., No. 5:11-cv-00109-LHK (N.D. Cal. Jan. 7, 2011); Notice of Removal, Mora v. Wachovia Mortg., No. 5:10-cv-05951-JF (N.D. Cal. Dec. 29, 2010), each of which has been dismissed by the district court for lack of subject matter jurisdiction, see, Order, Mora v. Wachovia Mortg., No. 5:11-cv-00109-LHK (N.D. Cal. Jan. 20, 2011) (dismissing the action without prejudice because plaintiff had failed to adequately allege federal jurisdiction); Order, Mora v. Wachovia Mortg., No. 5:10-cv-05951-JF (N.D. Cal. June 27, 2011) (dismissing with the action with prejudice because "the essence of Plaintiff's claim [was] a request that th[e] [district court] 'review' the rulings of the state courts").  The district court's rulings on these cases counsels against the transfer of plaintiff's case to the district court now.  The court concludes that transfer of plaintiff's case would be futile.

IV.   Conclusion

For the foregoing reasons, the court finds that it lacks jurisdiction over plaintiff's claims.  The Clerk of Court is directed to **DISMISS** plaintiff's complaint for lack of jurisdiction.  The Clerk of Court will enter judgment for defendant.  No costs.

IT IS SO ORDERED.

PATRICIA E. CAMPBELL-SMITH
Chief Judge

4